UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG M. MILLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRIAN HENRY, *et al.,*<br><br>　　　　　Defendants. | 2:11-CV-01724-PMP-PAL<br><br>ORDER |

　　　　Before the Court for consideration is the fully briefed Motion for Summary Judgment (Doc. #28) filed on behalf of Defendants Brian Henry and Hatched Development, Inc. The facts pertinent to Defendants' Motion are fully outlined by the Parties in their respective briefs and at the hearing conducted February 6, 2013, and require no comprehensive recitation in this Order except as necessary to address the specific arguments for relief asserted by Defendants. Based upon the arguments presented and the evidence adduced, the Court finds as follows:

　　　　1.　　Plaintiff Miller concedes Defendant Brian Henry, individually, is entitled to summary judgment on all causes of action, and that Defendant Hatched Development, Inc. ("HDI") is entitled to summary judgment as to Plaintiff's Fourth Cause of Action for Fraud and Sixth Cause of Action for Conspiracy. Accordingly Defendant Brian Henry, individually, is entitled to summary judgment as to all claims set forth in Plaintiff's Complaint, and Defendant Hatched Development, Inc. also is entitled to summary judgment as to Plaintiff's Fourth Cause of Action for Fraud and Sixth Cause of Action for Conspiracy.

2.      Plaintiff Miller concedes that no written contract with Defendant HDI was ever consummated, and that his alleged oral contract with HDI would take longer than one year to perform.  As a result, the oral contract Plaintiff Miller alleges existed is void under the Statute of Frauds, Nev. Rev. Stat. § 111.220 (2012).  The Court finds Plaintiff Miller's alleged partial performance of the alleged oral contract does not exempt him from the applicable Statutes of Frauds because Plaintiff Miller has not demonstrated that the terms of the oral contract were "clearly and definitely established." *Jones v. Barnhart*, 89 Nev. 74, 76 (1973).  Therefore, Plaintiff Miller has failed to show that a genuine issue exists with respect to the existence of an enforceable contract with Defendant HDI.  Hence, Plaintiff Miller's claim for breach of contract, and all other claims advanced in Plaintiff's Amended Complaint which are dependent upon the existence of a valid contract must fail for the reasons set forth in Defendants' Motion and Reply Memorandum (Doc. #28 and Doc. #32) to wit: all remaining Claims for Relief except Plaintiff Miller's Seventh Claim for Relief for Unjust Enrichment.

3.      Finally, the Court finds Plaintiff Miller's Seventh Claim for Relief for Unjust Enrichment must fail because by this claim Miller seeks recovery for benefits allegedly provided by Advanced Technologies Management, Inc. ("ATM") to HDI.  As a result, no genuine issue of fact remains on this claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. #28) is **GRANTED** and that the Clerk of Court shall forthwith enter judgment in favor of Defendants Brian Henry, an individual, and Hatched Development, Inc. and against Plaintiff Craig M. Miller.

DATED this 8th day of February, 2013.

_____
PHILIP M. PRO
United States District Judge