UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CRAIG M. MILLER,

    Plaintiff,

v.

BRIAN HENRY and HATCHED DEVELOPMENT, INC.,

    Defendants.

2:11-CV-01724-PMP-PAL

ORDER

Presently before the Court is Defendants' Motion for Attorney's Fees (Doc. #38), filed on February 23, 2013. Plaintiff filed an Opposition (Doc. #41) on March 12, 2013. Defendants filed a Reply (Doc. #43) on March 22, 2013.

## I. BACKGROUND

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. Defendants move for attorney's fees under Nevada Revised Statutes § 18.010(2)(b), arguing Plaintiff's claims were groundless and brought or maintained to harass Defendants. Defendants argue Plaintiff knew his claims were meritless because his claims were based on his dealings with Defendants, and Plaintiff thus had personal knowledge of all relevant facts. Defendants also contend the frivolity of Plaintiffs' claims is shown by the fact that in response to Defendants' summary judgment motion, Plaintiff abandoned all claims against Defendant Brian Henry ("Henry"), and abandoned his fraud and conspiracy claims against Defendant Hatched Development, Inc. ("HDI"). Defendants request approximately $225,000 in attorney's fees.

Plaintiff responds that Defendants failed to comply with Local Rule 54-16 because they failed to address several of the Rule's requirements, and Defendants thereby consent to denial of their Motion. Plaintiff also argues there is no basis to award fees because his claims were neither frivolous nor intended to harass. Plaintiff argues the Court did not find his claims were frivolous at summary judgment, and the law and facts were unclear as to whether the alleged oral contract's terms were clearly and definitely established. Plaintiff asserts his claims survived an initial round of summary judgment, and thus were not frivolous. Plaintiff also contends his claims were supported by both his own testimony and that of another individual, Mark Tocci ("Tocci"), who was involved in the relevant discussions. Plaintiff asserts he conceded his claims against Defendant Henry at summary judgment as a matter of strategy, not as an admission that the claims were frivolous. Plaintiff also argues that Defendants have failed to establish Defendant Miller incurred any extra fees that were not also incurred by Defendant HDI, and thus even if Plaintiff's claims against Miller were frivolous, there were no additional fees incurred as a result.

In reply, Defendants assert they discussed most of the Rule 54-16 factors in their initial Motion and supporting attorney affidavit, and to the extent they did not, they address those factors in the Reply. Defendants also note that although Plaintiff offers a strategic reason for abandoning his claims against Defendant Miller, he offers no explanation for why he abandoned his fraud and conspiracy claims against Defendant HDI. Defendants reiterate their argument that Plaintiff's claims were groundless and Plaintiff admitted at his deposition that he had no basis to assert his fraud, conspiracy, and intentional interference claims.

**II. DISCUSSION**

When sitting in diversity, the Court applies the forum state's law to determine whether a party is entitled to attorney's fees. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th

2

Cir. 2007). Nevada permits an award of attorney's fees where a claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party." Nev. Rev. Stat. § 18.010(2)(b). A claim or defense "is frivolous or groundless if there is no credible evidence to support it." Rodriguez v. Primadonna Co., LLC, 216 P.3d 793, 800 (Nev. 2009). Whether to award fees lies within the Court's discretion. Id.

Although state law governs the substantive issue of whether a party is entitled to attorney's fees, federal law governs the procedure for requesting attorney's fees. Carnes, 488 F.3d at 1059. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees must be filed within fourteen days of the judgment being entered, specify the legal authority entitling the movant to fees, state the amount sought, and disclose, "if the court so orders," the terms of any fee agreement. Further, the moving party must follow the Local Rules. See Fed. R. Civ. P. 54(d)(2)(D). Local Rule 54-16(b) requires a motion for attorney's fees to address twelve factors bearing on the appropriate amount of any fee awarded. The motion must be accompanied by an attorney affidavit authenticating the information and attesting that the fees and costs sought are reasonable. LR 54-16(c). "Failure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." LR 54-16(d).

**A. LR 54-16(b)**

Defendants' initial motion did not comply with Local Rule 54-16(b) because it failed to address several of the required factors, including the preclusion of other employment due to acceptance of the case, whether the fee is fixed or contingent, the undesirability of the case, and awards in similar cases. However, Defendants cured these deficiencies in the Reply. Defendants indicate they did not address most of the omitted factors in their initial Motion because they concluded those factors did not apply to this case. Thus, the new information in the Reply does little to change the analysis of a reasonable fee award. Plaintiff has not moved for leave to file a surreply to address any of

the new information nor has Plaintiff made any argument that the fees sought are unreasonable. Plaintiff has argued only that no fee award is warranted. The Court therefore declines, in its discretion, to deny the fee award for failure to comply with Local Rule 54-16(b).

**B. Section 18.010(2)(b)**

There is no evidence that any of Plaintiff's claims were brought to harass Defendants. Consequently, the only question is whether any of Plaintiff's claims were brought or maintained without reasonable grounds.

The Court, in its discretion, declines to award fees for any of Plaintiff's contract or quasi-contract claims. Plaintiff's claims were based on both his own testimony and that of Tocci, who was involved in some of the discussions surrounding Plaintiff's compensation for Plaintiff's contributions. Both Plaintiff and Tocci stated, under oath, that the parties had reached an understanding that Plaintiff was to receive twenty-five percent of HDI's intellectual property rights. (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. #13), Exs. 1-2; Pl.'s Opp'n to Mot. Summ. J. (Doc. #31), Exs. 1, 3.) While insufficient to survive summary judgment, Plaintiff's contract and quasi-contract claims were not so utterly groundless as to merit a fee award.

However, the Court, in its discretion, will award Defendants fees for Plaintiff's fraud and conspiracy claims. Plaintiff had no credible evidentiary basis for these claims, identified none in his deposition, and has provided no explanation for why Plaintiff brought and maintained the claims until confronted with Defendants' summary judgment motion. (Defs.' Mot. Summ. J. (Doc. #28), Ex. 32 at 311-12, 332; Pl.'s Opp'n to Mot. Summ. J. at 2.) In opposing Defendants' current Motion, Plaintiff does not attempt to explain the concession of these claims as a strategic decision, nor does Plaintiff attempt to explain why these particular claims were not groundless.

///

Because Defendants sought fees for all of Plaintiff's claims, Defendants' submission does not separately identify fees related only to the fraud and conspiracy claims. The Court therefore will direct Defendants to submit a supplemental affidavit which sets forth only those fees incurred in relation to the fraud and conspiracy claims. Defendants shall file the supplemental affidavit on or before October 14, 2013. Plaintiff shall file an opposition, if any, on or before October 23, 2013. Defendants shall file a reply, if any, on or before October 30, 2013.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Attorney's Fees (Doc. #38) is hereby GRANTED in part and DENIED in part. The Motion is granted in that the Court will award reasonable attorney's fees incurred in defending against Plaintiff's fraud and conspiracy claims. The Motion is denied in all other respects.

IT IS FURTHER ORDERED that Defendants shall file a supplemental affidavit identifying fees incurred in relation to the fraud and conspiracy claims only on or before October 14, 2013.

IT IS FURTHER ORDERED that Plaintiff shall file an opposition, if any, on or before October 23, 2013.

IT IS FURTHER ORDERED that Defendants shall file a reply, if any, on or before October 30, 2013.

DATED: September 30, 2013

PHILIP M. PRO
United States District Judge