1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * *

9
CRAIG M. MILLER,                        )
                                        )
10        Plaintiff,                     )        2:11-CV-01724-PMP-PAL
                                        )
11   v.                                  )
                                        )
12                                       )
BRIAN HENRY and HATCHED                  )
13   DEVELOPMENT, INC.,                   )        ORDER
                                        )
14        Defendants.                    )
                                        )
15

16          Presently before the Court is Defendants' Supplemental Declaration in Support of

17   Motion for Attorney's Fees (Doc. #45), filed on October 14, 2013.  Plaintiff filed an

18   Opposition (Doc. #46) on October 23, 2013.  Defendants filed a Reply (Doc. #47) on

19   October 30, 2013.

20          The parties are familiar with the facts of this case, and the Court will not repeat

21   them here except where necessary.  Defendants previously moved for attorney's fees under

22   Nevada Revised Statutes § 18.010(2)(b), arguing Plaintiff's claims were groundless and

23   brought or maintained to harass Defendants.  Defendants requested approximately

24   $225,000.00 in attorney's fees.  The Court partially granted the prior motion and directed

25   Defendants to file a supplemental fee affidavit setting forth "only those fees incurred in

26   relation to the fraud and conspiracy claims."  (Order (Doc. #44) at 5.)

Defendants have filed a supplemental fee memorandum, indicating that because Plaintiff's contract, equitable, and fraud and conspiracy claims arose out of the same factual allegations, apportioning the fees incurred in relation to the fraud and conspiracy claims is challenging.  Defendants viewed the fraud and conspiracy claims as one third of the case, and thus Defendants suggest the Court award one third of the fees incurred, if the Court is inclined to apportion.  Plaintiff responds that Defendants have failed to follow the Court's directive of identifying those fees incurred only in relation to the fraud and conspiracy claims.  Plaintiff suggests the Court award fees for only a few identified time entries, amounting to approximately $4,500 in fees.

The Court will not apportion the fees as Plaintiff suggests, as Plaintiff's proposed apportionment fails to account for the intertwined factual nature of the various claims and the difficulty that engenders for parsing out fees incurred in relation to the fraud and conspiracy claims.  On the other hand, although Defendants viewed the case in thirds, the contract claims, along with the related quasi-contract unjust enrichment and declaratory relief claims, predominated over the other claims.  The Court therefore does not find a one third apportionment appropriate.  Instead, the Court concludes a twenty percent apportionment accurately captures the time devoted to the fraud and conspiracy claims.  These claims required some discovery and briefing on the elements of fraud and conspiracy beyond the common factual scenario with the contract claims, but these claims constituted a lesser fraction of the resources expended by the parties when compared to the contract claims.  Moreover, Defendants' request for a one third apportionment for the fraud and conspiracy claims is belied by the fact that these claims were groundless, and thus required less briefing to defend against.  The Court therefore will award Defendants a total of $55,129.90, reflecting twenty percent of $214,834.50 ($42,966.90) plus $6,520.00 incurred in preparing the supplemental fee affidavit, plus $5,640.00 incurred in preparing the supplemental reply.

IT IS THEREFORE ORDERED that Judgment is hereby entered in favor of Defendants Brian Henry and Hatched Development, Inc. and against Plaintiff Craig Miller in the amount of $55,129.90 in attorney's fees.

DATED:  November 25, 2013

_____
PHILIP M. PRO
United States District Judge